JOHN DOE, upon the demise of WILLIAM B. JOHNSON, *vs.* RICHARD ROE, Casual Ejector, and GEORGE F. RUST, tenant in possession.

DEEDS—CONDITIONS—BREACH.

A deed's provision that "the parties that become possessed of this property must keep my burial lot  *  *  *  in good order, otherwise their title shall be canceled," is not broken because the lot was kept up by others than those in whom the title vested.

(<em>June</em> 29, 1916.)

Statement.

PENNEWILL, C. J., and CONRAD, J., sitting.
*Andrew J. Lynch* and *Albert F. Polk* for plaintiff.
*Woodburn Martin* and *Charles W. Cullen* for defendant.
Superior Court, Sussex County, April Term, 1916.

ACTION OF EJECTMENT, No. 12, April Term, 1914.

Ejectment by John Doe upon the demise of William B. Johnson against Richard Roe, casual ejector, and George F. Rust, tenant in possession. Submitted to the Court in Banc upon application of parties. Decision that judgment should be entered for defendant ordered certified to the Superior Court.

This is an action of ejectment brought in the Superior Court for Sussex County by Doe, on the demise of William B. Johnson against Roe, casual ejector, and George F. Rust, tenant in possession. It was submitted to the court on a case stated. The court considering that the question of law involved ought to be heard by the Court in Banc, upon application of the parties, directed it to be so heard.

The facts agreed upon are, substantially, that a certain Thomas P. Walls, late of Georgetown, Sussex County, deceased, did, in his lifetime, to wit, on the third day of January, A. D. 1905, convey, by his deed of bargain and sale, duly executed and delivered, a certain lot, piece or parcel of land therein mentioned and described, lying and being in said town, unto Erasmus R. Johnson and Emma Barbour, children of Samuel W. Johnson of the said town and county, which deed is recorded in the office of the Recorder of Deeds, at Georgetown aforesaid, in Deed Book P, No. 151, *page* 335. The *habendum* clause in said deed is as follows:

"To have and to hold the said herein divided lot, piece or parcel of land, hereditaments, and premises hereby granted, or mentioned or intended so to be, with the appurtenances, unto the said parties of the second part, their heirs and assigns forever. The grantor herein reserves the full interest in the lands herein conveyed for and during the term of the natural life of him the said grantor herein. Provided that in case either of these should die without issue of their body living at the time of their death, then the whole interest in said lands shall revert to the surviving party, and further if both of the said grantees should die without issue of their own bodies living at the time of their death, then and in that case the said lands shall go to the Trustees of our Church Home for the old people of the Methodist Protestant Church at

Westminster, Maryland, and further the parties that become possessed of this property must keep my burial lot in Union Cemetery in good order, otherwise their title shall be canceled."

"That subsequently, the said Thomas P. Walls, to wit, on the first day of May, A. D. 1905, died testate, leaving unrevoked his last will and testament, which was on the third day of May A. D. 1905 duly proved and allowed by the Register of Wills for Sussex County, and now of record in the office of said Register in Will Book No. 19, Folio 109, wherein he devised the said lot, piece or parcel of land to the said Erasmus Johnson, and Emma Barbour, for and during their joint natural lives, with remainder over in these words: 'And after the death of the said Erasmus Johnson and Emma Barbour, I will and devise the said lot of land to the Trustees of the Georgetown Methodist Protestant Church, of Georgetown, Sussex County, Delaware, in fee simple, to them, their successors forever, upon condition that the said trustees of the Georgetown Methodist Protestant Church shall keep in good condition and repair the railing or fence around my burial lot, and shall forever keep my wife's and my own grave in creditable condition.'

"That the said Emma Barbour, one of the grantees in the above-stated Deed, died the first day of May, A. D. 1909, the said Erasmus R. Johnson, died on the first day of July, 1911; both of whom died without leaving heirs of their body lawfully begotten, and without ever having conveyed said property or the entail ever having been docked.

"That Abram Johnson and Martha J. Johnson, his wife, John E. Johnson and Mary E. Johnson, his wife, Mary S. Russell and Edward Russell, her husband, John T. Watson and Lydia M. Watson, Annie E. Carey and William D. Johnson, a part of the heirs-at-law of Erasmus R. Johnson, an heir-at-law of Thomas P. Walls, conveyed to William B. Johnson, the plaintiff in the above-stated cause, the said real estate described in said Deed.  *  *  *

"That 'The Home for the Aged of the Methodist Protestant Church of Baltimore City,' a corporation of the State of Maryland, is a charitable institution, and is the only home for the old people of the Methodist Protestant Church, located at Westminster, Maryland; that the burial lot mentioned in said Deed, in Union Cemetery, was not kept up by the said corporation, nor by Erasmus R. Johnson or Emma Barbour.

"The only up-keep of the said burial lot, having been done by the Methodist Protestant Church, of Georgetown, Delaware, and Erasmus Johnson and Clarence Johnson, an heir-at-law of Thomas P. Walls. It was not in any way cared for by the Home of the Aged of the M. P. Church of Baltimore City.

"If the court shall be of the opinion that from the facts above mentioned, an estate in fee simple was vested in said plaintiff, then judgment shall be entered for the plaintiff; if, however, the court shall be of the opinion that a fee simple estate in said property did not pass to the said plaintiff, then judgment shall be entered for the defendant."

PENNEWILL, C. J., and BOYCE, CONRAD, RICE and HEISEL, JJ., sitting in the Court in Banc.

PER CURIAM. And now, to wit, this twenty-ninth day of June, A. D. 1916, the Court in Banc having heard the arguments of counsel and read the agreed statement of facts and maturely

considered the same, it is the opinion of the court from the facts stated, that it is not shown that the condition imposed upon "the parties that become possessed of this property must keep my burial lot in Union Cemetery in good order, otherwise their title shall be canceled" has been broken, and, therefore, "that a fee simple estate in said property did not pass to the said plaintiff," and that judgment should be entered for the defendant.

It is ordered that the foregoing decision be and it is hereby certified to the Superior Court for Sussex County.

Thereupon, the Superior Court made the following order:

And now, to wit, this twenty-ninth day of June, A. D. 1916, the opinion of the Court in Banc having been duly certified to this court, in accordance therewith, it is now ordered, adjudged and decreed by this court that judgment be entered for the defendant.